IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

# EARLY H. MILES, PRO SE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 99-A-118    J. Randall Wyatt, Judge**

**No. M2003-02849-CCA-R3-PC - Filed October 18, 2004**

The Petitioner, Early H. Miles, appeals the trial court's dismissal of his petition for post-conviction relief or in the alternative for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner filed his petition outside the statute of limitations for post-conviction purposes.  The petition was not filed in the proper court for habeas corpus purposes, and the petitioner did not give any reason in the petition for not applying to the nearest court as required by law.  Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and JERRY L. SMITH, J., joined.

Early H. Miles, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, State of  Tennessee.

**MEMORANDUM OPINION**

This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petitioner is appealing the trial court's dismissal of his "petition to vacate and/or set aside judgment pursuant to post-conviction relief or in the alternative for writ of habeas corpus."  From the record it appears that petitioner pled guilty to three counts of aggravated sexual battery on October 8, 1999. It does not appear that petitioner appealed the judgment. On October 20, 2003, petitioner filed a document titled petition to vacate and/or set aside judgment pursuant to post-conviction relief or in the alternative for writ of habeas corpus.  The trial court dismissed the petition on October 30, 2003,

finding that the post-conviction petition was barred by the statute of limitations and the writ of habeas corpus was filed in the wrong venue.

Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The appellant filed his petition well beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Thus, no grounds exist as an exception to the statute of limitations. The petitioner's judgment became final on October 8, 1999, and he did not file his petition for post-conviction relief until October 20, 2003. The petition is barred by the statute of limitations.

Because the petition was styled in the alternative as a writ of habeas corpus, the lower court reviewed it for habeas corpus purposes and dismissed it because it was not filed in the proper venue. An application for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. The appellant is incarcerated in the Northwest Correctional Complex in Lake County in West Tennessee. However, he filed his petition in Davidson County, which is located in Middle Tennessee. The appellant failed to explain why he did not file his petition in the county in which he is incarcerated. The trial court was correct in dismissing the petition because it was not filed in the appropriate venue.

Accordingly, the state's motion is hereby granted. The judgment is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. There being no finding that the appellant is indigent, costs are taxed to the appellant.

_____
ROBERT W. WEDEMEYER, JUDGE